# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TONI HOLDER,<br>            Appellant, | DOCKET NUMBER<br>DA-0752-14-0388-I-1 |
|             v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>            Agency. | DATE: January 16, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pamela Perry, Little Rock, Arkansas, for the appellant.

Lynne Ravellette, Esquire, North Little Rock, Arkansas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her allegedly involuntary retirement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective February 28, 2013, the appellant, who was a union officer on full-time official time, retired from her GS-9 position at the Veterans Affairs Medical Center North Little Rock, Arkansas. Initial Appeal File (IAF), Tab 9 at 35-48. She thereafter filed an appeal in which she claimed that her retirement was involuntary. IAF, Tab 2 at 5-6. The administrative judge issued an initial decision in which he found that the appellant failed to make a nonfrivolous allegation that her retirement was involuntary and he dismissed the appeal for lack of jurisdiction. Initial Decision (ID) at 2, 5-9.

¶3 The appellant claims that she was forced to retire because two other union officials on full-time official time, B.W. and D.M., created a hostile working environment. It appears that the major triggering event occurred at a union meeting in October 2012, when B.W. allegedly put her hands on the appellant. IAF, Tab 6 at 31-34. Shortly thereafter, the appellant submitted a statement to the agency in which she claimed that B.W. was engaging in threatening behavior and, within 1 week, the agency opened an investigation and issued a no-contact order to both parties and to D.M., instructing them to conduct their business by phone or email, and offering office space in a different building so one or the

other could move. IAF, Tab 6 at 36-37. The agency was ultimately unable to substantiate the appellant's allegations, but it kept the no-contact order in place. *Id.* at 38; IAF, Tab 9 at 32.

¶4    An employee-initiated action, such as the retirement at issue in this appeal, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the action was obtained through duress or coercion. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011), *cert denied*, 133 S. Ct. 414 (2012); *see also Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Searcy*, 114 M.S.P.R. 281, ¶ 12; *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009). In applying the voluntariness test to allegations that a retirement was coerced by intolerable working conditions, the appropriate test is whether, under all of the circumstances, the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to retire. *Searcy*, 114 M.S.P.R. 281, ¶ 12; *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 11 (2007).

¶5    We find that the administrative judge correctly concluded that the appellant has not made a nonfrivolous allegation of involuntariness for several reasons. First, the only face-to-face contact on agency premises that the appellant alleges occurred after the no-contact order went into effect took place off-duty when the appellant attended a public event in the agency's parking lot. She saw D.M. there, but the appellant herself had no contact with D.M. IAF, Tab 9 at 20-27. Thus, as the administrative judge found, within 1 week after the appellant reported the triggering incident, the agency issued no-contact orders to all involved and whatever harassment or bad behavior may have been occurring in the workplace stopped.

¶6        Moreover, the parking lot incident occurred on February 15, 2013.  *Id.* at 20.  By that time, the appellant had already made her decision and told her therapist on February 13, 2013, that she was retiring at the end of February.  IAF, Tab 6 at 49.  Thus, the parking lot incident cannot have had more than a negligible effect on the appellant's retirement.  Further, the lapse of more than 5 months between the triggering incident in mid-October 2012, and the appellant's retirement on February 28, 2013, undercuts the appellant's assertion that her working conditions were so intolerable as to have compelled her retirement.  *See Searcy*, 114 M.S.P.R. 281, ¶ 13 (a 5-month lapse of time undercut the appellant's assertion that his working conditions were so intolerable as to have compelled his resignation); *see also Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000) (a long period of time between the alleged coercive act and the employee's retirement diminishes the causal link between the two events and, thus, attenuates the employee's claim of involuntariness).

¶7        Most importantly, the appellant has failed to make a nonfrivolous allegation that her retirement was involuntary because of intolerable working conditions created by *the agency*.  *Cf. Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010) (to establish involuntariness on the basis of coercion, the appellant must establish, inter alia, that the retirement was the result of improper actions by the agency).  In cases where the appellant alleges intolerable working conditions, the Board will find an action involuntary only if the appellant demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to retire.  *Green*, 112 M.S.P.R. 59, ¶ 11.

¶8        There is no allegation that the appellant suffered any ill-treatment at the hands of an agency supervisor or agency employee outside the context of the union.  The appellant reported the most serious incident to the agency, which took action and issued no-contact orders within a week, after which there is no

allegation of any further incidents at work. The agency cannot interfere in internal union business, *see* 5 U.S.C. § 7116(a), or assume responsibility for the appellant's safety in her personal life away from work. Even assuming that the union made the decision at issue in this case for improper reasons personal to the appellant, its action cannot be imputed to the agency.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

---

[2] The administrative judge afforded the appellant mixed-case review rights. ID at 13-15. However, in the absence of Board jurisdiction, this is not a mixed case. We have provided the appellant the proper review rights here. *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.